## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **CALVIN HILL,** | ) | **CASE NO.** |
| | ) | |
| **and,** | ) | **JUDGE** |
| | ) | |
| **MICHAEL DEY,** | ) | |
| | ) | **COLLECTIVE AND CLASS ACTION** |
| **and,** | ) | **COMPLAINT** |
| | ) | |
| **NATE HATTER,** | ) | **JURY DEMAND ENDORSED HEREON** |
| | ) | |
| **and,** | ) | |
| | ) | |
| **RAY MAGERA,** | ) | |
| | ) | |
| **and,** | ) | |
| | ) | |
| **TIM KLAUCK,** | ) | |
| | ) | |
| **on behalf of themselves and all others** | ) | |
| **similarly situated,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **GREAT LAKES CHEESE CO., INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

Plaintiffs, Calvin Hill, Michael Dey, Nate Hatter, Ray Magera, and Tim Klauck by and through counsel, for their Complaint against Defendant, Great Lakes Cheese Co., Inc., states and alleges as follows:

### INTRODUCTION

1.      This case challenges policies and practices of Defendant that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

2.      Plaintiffs bring this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of himself or themselves and other employees similarly situated."  Plaintiffs bring this case on behalf of themselves and other "similarly-situated" persons who may join this case pursuant to § 216(b) (the "Opt-Ins").

## JURISDICTION AND VENUE

3.      This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

4.      Venue is proper in this forum pursuant to 28 U.S.C. § 1391.

## PARTIES

5.      Plaintiff Calvin Hill is an adult individual residing in Mahoning County, Ohio.

6.      Plaintiff Michael Dey is an adult individual residing in Clintonville, Wisconsin.

7.      Plaintiff Nate Hatter is an adult individual residing in Stevens Point, Wisconsin.

8.      Plaintiff is Ray Magera is an adult individual residing in Alleghany, New York.

9.      Plaintiff is Tim Klauck is an adult individual residing in Shelbyville, Tennessee.

10.     At all relevant times, Plaintiffs were employees within the meaning of 29 U.S.C. § 203(e).

11.     Defendant is a for-profit Ohio corporation that is registered to conduct business in Ohio. Upon information and belief, Defendant's principal place of business is located in Geauga County, Ohio.

12.     Defendant Great Lakes Cheese Co., Inc. can be served through its statutory agent, HL Statutory Agent, Inc., 200 Public Square, Suite 2800, Cleveland, OH 44114.

13.     At all relevant times, Defendant conducted business in Geauga County, Ohio.

14.     At all relevant times, Defendant was an employer within the meaning of 29 U.S.C. § 203(d).

15.     At all relevant times, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

16.     At all relevant times, Plaintiffs were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

17.     Plaintiffs' written consent to join this action will be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

18.     Defendant is an Ohio corporation that is a manufacturer and packer of natural and process bulk, shredded, and sliced cheeses with facilities in Ohio, Wisconsin, Tennessee, and New York, among other places.

19.     Plaintiff Calvin Hill was employed by Defendant as an hourly, non-exempt line operator and heavy laborer at Defendant's Hiram, Ohio location from approximately February 2016 to September of 2017.

20.     Plaintiff Michael Dey was employed by Defendant as an hourly, non-exempt general laborer at Defendant's Seymour, Wisconsin location from approximately 2014 through October 30, 2017.

21.     Plaintiff Nate Hatter was employed by Defendant as an hourly, non-exempt laborer at Defendant's Wausau, Wisconsin location from approximately 2007 through March 2017.

22.     Plaintiff Ray Magera was employed by Defendant as an hourly, non-exempt packer (food service and manufacturing plant) and separator/relief operator at Defendant's Cuba, New York location from approximately 2014 through 2016.

23.     Plaintiff Tim Klauck was employed by Defendant as an hourly non-exempt Bulk Cheese Handler at Defendant's Manchester, Tennessee location from approximately September 1, 2015 through March 7, 2017.

24.     Other similarly-situated employees were employed by Defendant in its Ohio, Wisconsin, Tennessee, and New York facilities.

25.     Plaintiffs and other similarly situated employees were non-exempt employees under the FLSA and were paid an hourly wage.

26.     Plaintiffs and other similarly-situated employees donned and doffed personal protective equipment and sanitary clothing. It was required that these activities take place at Defendant's place of business.

27.     The time Plaintiffs and other similarly-situated employees spent donning and doffing their personal protective equipment and sanitary clothing was an integral and indispensable part of their principal activities, was required by Defendant, the Occupational Safety and Health Administration ("OSHA") and the U.S. Food and Drug Administration ("FDA"), and was performed for the Defendant's benefit in that it helped keep the Defendant's facility safe and sanitary, and it helped promote a more safe and efficient manufacturing or packing process.

28.     Plaintiffs and other similarly-situated employees, as full-time employees, regularly worked over 40 hours in a workweek during the last three years, including donning and doffing time.

29.     Plaintiffs and other similarly-situated employees were not paid for all of the time spent donning and/or doffing their personal protective equipment and sanitary.

30.     As a result of Plaintiffs and other similarly-situated employees not being paid for all hours worked, Plaintiffs and other similarly-situated employees were not paid overtime compensation for all of the hours they worked over forty (40) each workweek.

31.     Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA. In fact, Defendant has previously been sued for similar violations of the FLSA in 2007, and settled those claims.

32.     Upon information and belief, Defendant failed to make, keep, and preserve records of the required and unpaid work performed by Plaintiffs and other similarly-situated employees.

33.     The amount of time Plaintiffs and other similarly-situated employees spent on their unpaid work was up to approximately five to fifteen minutes or more each day.

## COLLECTIVE ACTION ALLEGATIONS

34.     Plaintiffs bring this action on their own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other similarly-situated persons who have been, are being, or will be, adversely affected by Defendant's unlawful conduct.

35.     The class which Plaintiffs seek to represent and for whom Plaintiffs seek the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiffs are themselves a member, is composed of and defined as follows:

> All former and current hourly packing and production employees of Defendant Great Lakes Cheese Co., Inc. employed at Defendant's Ohio; Seymour, Wisconsin; Wausau, Wisconsin; Tennessee; or, New York facilities within three years preceding the date of filing of this Complaint to the present.

36.     This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and

5

costs under the FLSA. In addition to Plaintiffs, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Plaintiffs are representative of those other employees are acting on behalf of their interests as well as their own in bringing this action.

37.     These similarly-situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt-in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## COUNT ONE

### (FLSA Overtime Violations)

38.     Plaintiffs incorporates by reference the foregoing allegations as if fully rewritten herein.

39.     Defendant's practice and policy of not paying Plaintiffs and other similarly-situated employees for all time worked and overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked over forty (40) each workweek violated the FLSA, 29 U.S.C. §§ 201-219, 29 CFR § 785.24.

40.     Defendant's failure to keep records of all hours worked for each workday and the total hours worked each workweek by Plaintiffs and other similarly-situated employees violated the FLSA, 29 U.S.C. §§ 201-219, 29 CFR § 516.2(a)(7).

41.     By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated provisions of the FLSA.

42.     As a result of Defendant's practices and policies, Plaintiffs and other similarly-situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs, and all similarly-situated persons, collectively pray that this Honorable Court:

A.    Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt-in;

B.    Enter judgment against Defendant and in favor of Plaintiffs, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class;

C.    Award Plaintiffs and the class he represents actual damages for unpaid wages;

D.    Award Plaintiffs and the class they represent liquidated damages equal in amount to the unpaid wages found due to Plaintiffs and the class;

E.    Award Plaintiffs and the class they represent pre-judgment and post-judgment interest at the statutory rate;

F.    Award Plaintiffs and the class they represent attorneys' fees, costs, and disbursements; and

G.    Award Plaintiffs and the class they represent further and additional relief as this Court deems just and proper.

Respectfully submitted,

Nilges Draher, LLC

*/s/ Hans A. Nilges*
Hans A. Nilges (0076017)
Shannon M. Draher (0074304)
7266 Portage Street, N.W., Suite D
Massillon, OH 44646
Telephone:       (330) 470-4428
Facsimile:       (330) 754-1430
Email:           hans@ohlaborlaw.com
                 sdraher@ohlaborlaw.com

*Counsel for Plaintiffs*


## **JURY DEMAND**

Plaintiffs demands a trial by jury on all eligible claims and issues.


*/s/ Hans A. Nilges*
Hans. A. Nilges

*Counsel for Plaintiffs*

8